IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ISSAC BOUADANA and SOLOUGE BOUADANA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JUAN C. DIAZ-CASAMAYOR and FLAT RATE LONG DISTANCE, INC., | ) ) ) | |
| Defendants, | ) ) | Case No. 16-3103-CV-S-BP |
| and | ) ) | |
| FLAT RATE LONG DISTANCE, INC., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| SHAY EXPRESS, LLC and LIAT BOHADANA CASTEIL, as Administrator and Prosequendum for the ESTATE OF SHAY BOHADANA, | ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

**ORDER APPROVING AND APPORTIONING SETTLEMENT OF WRONGFUL DEATH CLAIM**

This matter comes before the Court on Plaintiffs' request for approval and apportionment of a wrongful death settlement entered into between Plaintiffs Issac Bouadana and Solouge Bouadana ("Plaintiffs") and Defendants Juan C. Diaz-Casamayor, Flat Rate Long Distance, Inc., and Penske Truck Leasing Company, LP ("Defendants"). Plaintiffs, the surviving natural parents of Decedent Shay Bohadana ("Decedent"), have submitted their Application for Approval and Apportionment of Settlement in a Wrongful Death Case. Plaintiff have also

submitted, for *in camera* review, a copy of the Confidential Settlement Agreement and General Release, a worksheet documenting the attorney fees, costs, and apportionment for the settlement, and their affidavits in support of their request that the Court approve the settlement.

Based on the pleadings, evidence, and arguments presented, the following facts are established:

1. This action arises from the death of Shay Bohadana on December 30, 2014.

2. Plaintiffs are the surviving parents of Decedent. Decedent died in Pulaski County, Missouri on December 30, 2014. Plaintiffs are the sole members of the first class and are entitled to the wrongful death settlement proceeds as specified in the Confidential Settlement Agreement and General Release under MO. REV. STAT. § 537.080.

3. Plaintiffs offered evidence about the relationships between them and Decedent. The evidence adduced indicates that at the time of Decedent's death, there were no other living members of the first class under MO. REV. STAT. § 537.080.

4. Plaintiffs are therefore the only people entitled to recover damages for the alleged wrongful death of Shay Bohadana pursuant to MO. REV. STAT. § 537.080.

5. Plaintiffs represent they fully understand that this action could proceed to trial by jury, and that a verdict and judgment in excess of, or less than, the amount of the proffered settlement consideration could be awarded. Even though they have a right to a jury trial, and even though a greater verdict and judgment this result might be achieved, it is their belief that this settlement, as set forth in the Confidential Settlement Agreement and General Release, is in the best interest of Plaintiffs. Plaintiffs therefore asked that the Court approve and apportion this settlement. Plaintiffs further understand that upon approval of this settlement, all claims against

2

the above-named Defendants, foreseen or unforeseen, in any way arising out of or related to the alleged wrongful death of Decedent, will be forever barred.

6. Plaintiffs have agreed on an apportionment, after payment of fees, expenses and any applicable liens, of the proceeds from the wrongful death settlement as follows:

    a. Issac Bouadana: 50 %

    b. Solouge Bouadana: 50%

7. As part of the settlement, Third Party Plaintiff Flat Rate Long Distance, Inc. has agreed to dismiss, with prejudice, its claims against Third-Party Defendants Shay Express, LLC and Liat Bohadana Castiel, as Administrator and Prosequendum for the Estate of Shay Bohadana.

The Court therefore FINDS and ORDERS as follows:

1. Plaintiffs are the only persons entitled to recover damages or to settle and receive proceeds for the alleged wrongful death of Decedent pursuant to MO. REV. STAT. § 537.080,

2. The Confidential Settlement Agreement and General Release was negotiated and entered into in good faith;

3. The proposed settlement, as set forth in the Confidential Settlement Agreement and General Release, is fair and equitable to Plaintiffs,

4. Plaintiffs are directed to execute the proposed Confidential Settlement Agreement and General Release;

5. The proceeds of this settlement, as identified and set forth in the Confidential Settlement Agreement and General Release, after payment of fees, expenses and any applicable liens, shall be apportioned as follows and paid to Plaintiffs:

      a. Issac Bouadana:    50 %

      b. Solouge Bouadana:   50%

6. The attorneys' fees and expenses, as set forth in the exhibit submitted to the Court for *in camera* review, are determined to be fair and reasonable, and are to be paid out of the proceeds, as set forth in the Confidential Settlement Agreement and General Release;

7. Any outstanding liens related to the subject matter of this case, including any Medicare lien or subrogation interest, shall be paid out of the settlement proceeds or otherwise satisfied by Plaintiffs, who shall be solely responsible for all said liens. Defendants and the Released Parties, as described in the Confidential Settlement Agreement and General Release, shall have no obligation whatsoever to pay such liens;

8. The above-named Defendants shall be and are forever discharged of and from all civil liabilities for the alleged damages to, and death of, Shay Bohadana, and the claims of Plaintiffs and any others who are entitled to make a claim under Mo. Rev. Stat. § 537.080, arising therefrom, upon payment of the consideration set forth in the Confidential Settlement Agreement and General Release;

9. Plaintiffs are directed to execute and file a dismissal with prejudice of the lawsuit and an Acknowledgement of Receipt and Satisfaction; and

10. Third-Party Plaintiff Flat Rate Long Distance, Inc. is directed to file a dismissal with prejudice of its claims against Third-Party Defendants Shay Express, LLC and Liat Bohadana Castiel, as Administrator and Prosequendum for the Estate of Shay Bohadana.

IT IS SO ORDERED.

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: February 28, 2017          UNITED STATES DISTRICT COURT